## *In re* McLean, Acting Commissioner of Pensions.[1]

*(District Court, E. D. New York.    December 28, 1888.)*

WRITS—SUBPŒNA—WITNESS—ATTENDANCE BEFORE PENSION EXAMINER.
The power of a district court of the United States cannot be invoked to secure, by its subpœna, the attendance of a witness before a special examiner of the pension bureau in the matter of a pension claim.

Application of William McLean, acting commissioner of pensions, for an order upon a witness.

BENEDICT, J.    On the 23d day of November, 1888, there was presented to me a request in the following words:

"DEPARTMENT OF THE INTERIOR, BUREAU OF PENSIONS.

"WASHINGTON, D. C., November 19, 1888.

"*To any Judge or Clerk of the United States having Jurisdiction*—SIR: In pursuance of sections 184, 185, 186 of the Revised Statutes, and the act of July 25, 1882, I have the honor to request that a subpœna may issue commanding Mr. Patrick Callahan, a draw-bridge tender, foot of Manhattan avenue, Brookyn, New York, to appear at a time and place named therein, and make true answers to such written interrogatories and cross-interrogatories as may be submitted to him by Mr. J. W. G. Atkins, a special examiner of this bureau, and be orally examined and cross-examined upon the subject of the claim for pension of John Horton, Navy, No. 10,977.

"Very respectfully,                          WILLIAM E. McLEAN,

"Acting Commissioner."

The presentation of this request has raised for decision the question whether the statutes referred to in the request furnish the court authority to issue its process for the purposes mentioned.    It will be observed that the subpœna is not required for conducting an investigation into the facts of any case pending in this court, or in any other court.    The request— which is assumed to be in conformity with the statutes referred to in it —shows that the subpœna was desired for the purpose of enabling the bureau of pensions to make an examination into the facts bearing upon a certain claim for a pension pending in that bureau.    To secure this end, the commissioner of pensions asks this court by its process to compel the person named to appear before a special examiner of the pension bureau, and there submit to an examination by such examiner touching the claim referred to in the request.    For such purpose the aid of this court cannot in my opinion be invoked.    The pension bureau is not a court, nor can any officer thereof be vested with judicial functions.    The proceeding in aid of which the process of this court is asked is an executive examination, pending in an executive department of the government, not a judicial inquiry, pending before a court.    In cases or controversies pending before the courts of the United States those courts have power to compel the attendance of persons as witnesses, but, in my opinion,

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

congress is not authorized to permit that power to be invoked in aid of an executive examination pending in an executive department. The principles and reasoning set forth in the opinion delivered by the circuit court of the United States at San Francisco, August 29, 1887, in *Re Railway Commission*, 32 Fed. Rep. 241, for an order upon a witness, appear to me to be applicable in a case like this, and it is sufficient for me to refer to the opinion of that court in that case for the grounds upon which the present application should be denied. Request denied.